IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DIST. COURT
SAVANNAH DIV.

FEB 26   2 55 PM '98

IN RE: )
)
APPLICATION OF WATCHE AGRICHE )
MANOUKIAN and RAFI MANOUKIAN )
TO OBTAIN CERTAIN DOCUMENTS )
OF GULFSTREAM AEROSPACE )
CORPORATION FOR USE IN AN ) CASE NUMBER: MC498-20
ACTION PENDING IN THE HIGH )
COURT OF JUSTICE, QUEEN'S )
BENCH DIVISION, COMMERCIAL )
COURT, LONDON, ENGLAND. )
_____)

## ORDER

On or about February 20, 1998, this Court issued an Order granting Watche Agriche Manoukian and Rafi Manoukian's ("the Applicants") Application for Documents and Subpoena pursuant to 28 U.S.C. § 1782. These documents ostensibly pertain to a dispute presently before the High Court of Justice in London, England, between the Applicants and Prince Jefri Bolkiah of Brunei regarding the sale of a Gulfstream III aircraft (serial # 436), then owned by the Sultan of Brunei. Presently before the Court is a Motion to Quash Subpoena filed by the Sultan of Brunei. The Court held a hearing on this motion in which counsel for the Sultan and the Applicants presented thorough arguments supporting their respective positions. Having carefully considered the Motion to Quash and the arguments presented by counsel, that motion is **DENIED,** but the Court now places certain restrictions upon discovery as detailed below.

### DISCUSSION

The subpoena was issued by the Court pursuant to 28 U.S.C. §

1782(a) which provides:

>     The district court of the district in which a person resides or is found may order him to . . . produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made . . . upon application of any interested person . . . .
>
>     A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

With this statute, Congress has given district courts broad discretion in granting judicial assistance to foreign countries. <u>Lo Ka Chun v. Lo To</u>, 858 F.2d 1564, 1565 (11th Cir. 1988). In deciding whether to grant assistance under § 1782, a district court generally should not decide whether the requested evidence will be admissible in the foreign court, but it must decide whether the evidence would be <u>discoverable</u> in the foreign country (here, England). <u>Id</u>. at 1566.

In order to determine if assistance should be granted, this Court must determine, (1) whether the Applicants are "interested persons" as contemplated by the statute; (2) whether the evidence sought is "for use in a proceeding;" (3) whether the evidence sought would be discoverable under the laws of England; and (4) whether production of the evidence would violate any legally applicable privilege. <u>See</u> <u>In Re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago</u>, 848 U.S. 1151, 1154-55 (11th Cir. 1988).

The first two requirements are easily met in this case. Here, as both counsel concede, the Applicants are parties to a suit in England. Furthermore, the Applicants seek the documents for use at

-2-

trial as evidence that the Gulfstream III was for sale during a specific period of time. Accordingly, the Applicants are interested persons seeking the documents for use in a proceeding.

As to the third and fourth prongs, the Sultan objects to the production of the documents on the following grounds: (1) the High Court of Justice has issued an order prohibiting reference to the Sultan, except in limited circumstances not applicable here; (2) the Sultan's British counsel intends to seek an injunction against this discovery in the High Court of Justice; and (3) the documents identified in the subpoena "may bear upon confidential matters between [the Sultan] and Gulfstream Aerospace, as supplier of His Majesty's private aircraft, including pricing, special features, security, speed, range, electronics and communications equipment and safeguards." Having evaluated these arguments against the applicable law, the Court finds that the requested documents are discoverable in England and that production of these documents would not violate any legally applicable privilege.

As to the first argument, the Sultan contends that the High Court's protective order, based upon sovereign immunity, bars discovery of matters which relate to the Sultan. Although the Court certainly agrees that the Sultan may assert his immunity on his own behalf to free himself from the burdens litigation and of discovery, see Millicom International Cellular v. Republic of Costa Rica, No Civ.A.96-315(RMU), 1997 WL 527340 at * 3 (D.D.C. Aug. 18, 1997), the Court emphasizes that the Sultan is not a party to the underlying suit in this case, and is not asked by this Court to

-3-

participate personally in discovery. Rather, this suit involves Prince Jefri Bolkiah and discovery is sought from Gulfstream Aerospace.[1]

The Sultan's counsel apprized the Court that the order prohibiting reference to the Sultan was issued under seal, and that the document was not unsealed for this Court's consideration. The Applicants have provided an affidavit from British attorney Anthony Walker, however, suggesting that the protective order does not preclude discovery of the documents sought here. Mr. Walker states that the terms of the High Court's order are "fully known to [him]," and based upon his knowledge, "[i]t is clear that the Learned Judge did not regard references to financial dealings as injuring the dignity of the Sultan." Absent evidence to the contrary, the Court will give deference to Mr. Walker's statements and conclude that the protective order of the High Court would not preclude discovery of the documents sought here.

Next, the Sultan asks that the Court either defer decision of the present Motion to Quash, or delay production of the documents requested. The Applicants emphasize, however, that the underlying suit is *in progress* in England and time is of the essence. Because of the pending litigation, the Court declines to delay production of the requested documents.

Finally, the Sultan contends that the underlying transaction in dispute in this case involved a "swap" of some sort involving the

---

[1] To this Court's knowledge, Prince Jefri Bolkiah has not been granted sovereign immunity.

Sultan's previous airplane, a Gulfstream III (serial # 436)("Plane A"), and the Sultan's current airplane, a Gulfstream IV (serial # 1186)("Plane B"). Accordingly, the Sultan expresses great concern regarding the release of the performance specifications and safety features of the Sultan's current private aircraft (Plane B). The Court finds these concerns compelling and, therefore, directs the below-stated modifications to the documents requested.

The Court hereby **DIRECTS** that Gulfstream Aerospace, in complying with the previously-granted subpoena, shall redact from all documents any references to the performance specifications and capabilities of the Sultan's current aircraft (Plane B), including but not limited to its speed, range, electronics and communications equipment, safeguards, and special features. Such documents may retain information relating to the price of Plane B.

Furthermore, the Court **DIRECTS** that the discovery obtained pursuant to the Subpoena and this Order shall not be disseminated by the parties or their counsel to any third party (other than the High Court of Justice in the present underlying case) in any legal pleadings or by any other means of dissemination. Additionally, although the Court finds that the documents would be discoverable in the High Court, this determination in no way resolves whether those documents, or testimony related to those documents, would be admissible in the High Court. Accordingly, the Court further **DIRECTS** that there shall be no testimony by any witness regarding the content of the documents unless it has first been determined by the High Court of Justice that such testimony is admissible.

Compliance with the Court's Subpoena, with the modifications noted above, shall be made forthwith.

SO ORDERED, this 26th day of February, 1998.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA