IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION



IN RE APPLICATION OF WATCHE AGRICHE  \*
MANOUKIAN and RAFI MANOUKIAN TO       \*
OBTAIN CERTAIN DOCUMENTS OF           \*
GULFSTREAM AEROSPACE CORPORATION      \*   Case Number: C498-20
FOR USE IN AN ACTION PENDING IN THE   \*
HIGH COURT OF JUSTICE, QUEEN'S BENCH  \*
DIVISION, COMMERCIAL COURT, LONDON,   \*
ENGLAND                               \*

### RESPONSE TO MOTION TO COMPEL

COMES NOW **HIS MAJESTY HAJI HASSANAL BOLKIAH**, also referred to as **THE SULTAN OF BRUNEI ("The Sultan of Brunei")**, by and through his undersigned counsel, and respectfully shows the Court:

1.  On March 2, 1998, Watche Agriche Manoukian and Rafi Manoukian (the "Applicants") filed a "Motion to Compel Gulfstream Aerospace Corporation To Respond To Subpoena Issued Pursuant To Order of This Court Entered Herein On February 26, 1998" (the "Motion"). The Motion seeks the production of "all those [documents] set forth in the production log attached to Gulfstream Aerospace Corporation's Response to Subpoena. . . ." (emphasis added).

2.  Although the Applicants seek the production of all documents identified in the production log created by Gulfstream Aerospace Corporation ("Gulfstream"), that log indicates that only two documents listed therein are responsive to the subpoena. As to all of the remaining documents, Gulfstream expressly stated: "Gulfstream does not produce Documents GAC000012 through GAC000030 because such documents are dated later than the period indicated in the subpoena." (Gulfstream's Response to Subpoena at 2, ¶ 4. (emphasis added)) It seems axiomatic

that the Applicants cannot move to "compel" the production of documents which they never subpoenaed.

3.      Assuming that the Applicants make an appropriate application for discovery of the documents listed in the production log, the Sultan of Brunei reiterates his concerns and states his objection to the production of such documents on three grounds:

First, the undersigned was informed this morning by counsel in London for the Sultan of Brunei that the High Court of Justice, Queen's Bench Division, Commercial Court, London, England ("The High Court of Justice") will hear an application from the Sultan of Brunei on Friday, March 6, 1998, at 3:30 p.m. (U.K. time), regarding restrictions on the discovery sought by the Applicants. This hearing may determine that the documents sought by the Applicants are not discoverable in the action before The High Court of Justice and, therefore, not discoverable under 28 U.S.C.A. § 1782, which was the basis of the Applicants' request for the Subpoena to issue. See Lo Ka Chun v. Lo To, 858 F.2d 1564 (11th Cir. 1988); In re Request for Assistance From Ministry of Legal Affairs of Trinidad & Tobago, 848 F.2d 1151 (11th Cir. 1989). Due to the recency of this information, no affidavit or declaration is available in support of this Objection. However, it is the Applicants' burden to make a proper application for discovery under 28 U.S.C.A. § 1782 and to demonstrate discoverability of the documents requested, and the Applicants must be aware of the status and nature of the application before The High Court of Justice.[1]

Second, the Applicants have not demonstrated the relevance of the documents listed in the production log to the action pending in The High Court of Justice. Indeed, the Applicants apparently

---

[1] In light of the pending hearing, The High Court of Justice would also be the appropriate forum in which the Applicants could raise an argument regarding any potential prejudice which would be caused by delay in discovery.

did not consider documents created after December 31, 1991 to be relevant to that action because they expressly restricted the scope of their subpoena to documents created between January 1, 1988 and December 31, 1991. It now appears that the Applicants are on a "fishing expedition" for documents of dubious relevance, and which all relate to the private commercial transactions of a non-party to the litigation in The High Court of Justice. A more rigorous review of purported relevance should apply when private documents are demanded in an action and the documents relate to a non-party, such as the Sultan of Brunei. See e.g., Collins v. Aikman Corp. v. J.P. Stevens & Co., 51 F.R.D. 219, 221 (D. S.C. 1971) (a non-party need not produce information it claims is confidential without a showing of relevance by the requesting party).

Third, because the documents requested by the Applicant's Motion were created after the time-frame which the Applicants originally indicated was relevant, it is more likely that the new request will implicate the security features, communications features, etc. of the Sultan of Brunei's current airplane. For that reason, if the Court finds that there are any relevant documents to be produced by Gulfstream, then the Sultan of Brunei respectfully requests that the production again exclude any reference to special features, security, speed, range, electronics and communications equipment and other safeguards.

4.   With regard to the two documents identified by Gulfstream which were within the scope of the Applicant's subpoena but not produced (i.e., GAC000005 and GAC000006-10), both were identified as proprietary corporate information in Gulfstream's production log. The Applicant's Motion questions whether such a privilege exists, but cites no authority denying the existence of the privilege. Under Georgia law, courts may order "[t]hat a trade secret or other confidential research,

development, or commercial information not be disclosed. . . ." O.C.G.A. § 9-11-26(c)(7).[2] As previously noted, these concerns are amplified when the information sought relates to a non-party.

WHEREFORE, the movant respectfully requests the Court:

(i) to deny the Motion to Compel as to any documents other than those within the time frame of the Subpoena, and to only order the production of those two documents if they are determined not to constitute proprietary corporate information;

(ii) if any further document production is ordered, to impose the same confidentiality restrictions on those documents as in this Court's Order dated February 26, 1998; and,

(iii) if any further document production is ordered, to impose the same requirement of redacting any and all references to certain security features, communication features, etc. as in this Court's Order dated February 26, 1998.

Respectfully submitted this 3rd day of March, 1998.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

By: /s/ Michael D. Robl

Michael D. Robl
State Bar No. 610905
Attorney for THE SULTAN OF BRUNEI,
HIS MAJESTY HAJI HASSANAL BOLKIAH

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412
(912) 236-0261

---

[2] Although this privilege is embodied in Georgia's Civil Practice Act, this Court may recognize it on the basis that this action does not depend upon diversity of citizenship for its jurisdiction, but rather is before the Court pursuant to 28 U.S.C.A. § 1782 which expressly recognizes "any legally applicable privilege." Id. (emphasis added).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| IN RE APPLICATION OF WATCHE AGRICHE MANOUKIAN and RAFI MANOUKIAN TO OBTAIN CERTAIN DOCUMENTS OF GULFSTREAM AEROSPACE CORPORATION FOR USE IN AN ACTION PENDING IN THE HIGH COURT OF JUSTICE, QUEEN'S BENCH DIVISION, COMMERCIAL COURT, LONDON, ENGLAND | Case Number: C498-20 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Response to Motion to Compel** upon all parties to this matter by hand delivery to the following:

Walter C. Hartridge
Bouhan, Williams & Levy
447 Bull Street
P.O. Box 2139
Savannah, Georgia 31402-2139

VIA FACSIMILE: 965-4764

Thomas M. Ramee
Deputy General Counsel
Post Office Box 2206
Savannah, Georgia 31402

This 3rd day of March, 1998.

Michael D. Robl
Georgia State Bar No. 610905
Attorneys for Sultan of Brunei

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412
(912) 236-0261